IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| D.J. *a minor, Deceased, by and through his Mother and next Friend, Cynthia Alicia Patrick, et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 3:25-CV-00541-RAH-JTA |
| FORD MOTOR COMPANY, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' *Motion to Remand* (doc. 27). The issues have been fully briefed and are ripe for consideration. Upon review of the record and for good cause, the motion is due to be **GRANTED**.

## BACKGROUND

This lawsuit arises out of a December 11, 2023, traffic accident in Russell County, Alabama, during which Defendant Nicholas Alan Hollingsworth, driving a Chevrolet truck, rear-ended the 2007 Ford Fusion vehicle in which the Plaintiffs were riding. The collision resulted in the death of D.J., a minor child, severe injuries to J.J., also a minor child, and severe injuries to Cynthia Patrick, the mother of D.J. and J.J.

On January 8, 2024, Patrick, individually and as the mother of D.J. and J.J., filed suit against Hollingsworth for negligence, negligence per se, wantonness, and wrongful death in the Circuit Court of Russell County, Alabama. On June 17, 2025, Patrick filed an Amended Complaint that added Ford Motor Company, East Alabama Paving Co., Inc., Ozark Striping Company, LLC, and Ozark Safety

Services LLC as defendants. Hollingsworth is a resident of Alabama, and East Alabama Paving Co., Inc., Ozark Striping Company, LLC, and Ozark Safety Services LLC are Alabama-based entities.

On June 24, 2025, seven days after the Amended Complaint was filed, Hollingsworth filed a *Motion for Appointment of Guardian Ad Litem* (doc. 1-1 at 246), *Motion to Set Case For Pro Ami Settlement Hearing* (doc. 1-1 at 256), and an *Answer* to the Amended Complaint (doc. 1-1 at 265). In the motion for a pro ami hearing, Hollingsworth requested a hearing because "[t]he Plaintiffs and Defendant have agreed on a settlement" and "[t]his case involves a minor child, and therefore, the settlement will need to be approved by the Court." (Doc. 1-1 at 256.)

The state circuit court set the case for a pro ami settlement hearing on July 30, 2025, and appointed a guardian ad litem (GAL). The hearing was reset to July 31, 2025, by subsequent court order.

On July 18, 2025, but before the state circuit court had conducted the pro ami settlement hearing, Ford Motor Company removed the case to this Court. In its removal notice, Ford asserted that diversity jurisdiction existed "because this Defendant was voluntarily dismissed by Plaintiffs on June 24, 2025, his citizenship should be disregarded" and because East Alabama Paving Co., Inc., Ozark Striping Company, LLC, and Ozark Safety Services LLC are fraudulently joined. (Doc. 1 at 3.)

Patrick subsequently moved to remand the case back to the Circuit Court of Russell County, Alabama. That motion is now pending.

## DISCUSSION

In her *Motion to Remand*, Patrick claims that diversity jurisdiction does not exist because Hollingsworth, an Alabama resident, was and remains a defendant and that Alabama Paving Co., Inc., Ozark Striping Company, LLC, and Ozark Safety

2

Services LLC are not fraudulently joined. Hollingworth's presence as a defendant in this action is dispositive of the remand issue.

"[F]ederal courts are courts of limited jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 28 (2025). As such, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). "Citizenship for diversity purposes is determined at the time the suit is filed." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). The burden of proving that removal is proper rests upon the defendant seeking removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). If there is any doubt as to whether federal jurisdiction is present upon removal, then those doubts must be resolved with a presumption towards remanding the case. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). And whether removal is proper is judged at the time of removal. *See Florida Cent. & P.R. Co. v. Bell*, 176 U.S. 321, 328 (1900).

It is without dispute that Hollingsworth is a citizen of Alabama. Therefore, his presence as a defendant in this case destroys diversity if in fact Hollingsworth was a defendant in the case at the time of removal. Ford says that he was not.

Patrick argues that, although she has expressed an intention to dismiss Hollingsworth from the action if the pro ami settlement proposal is approved by the court, "no final judgement or dismissal order has been entered." (Doc. 27 at 9.) Ford anchors its argument against remand on the proposition that Patrick has "unequivocally demonstrated and expressed that [she] intend[s] to discontinue the

3

action against Hollingsworth" and that Patrick's filings in state court were notices to that effect, ultimately starting Ford's thirty-day clock to remove the action. (Doc. 44 at 11.)

Additionally, Ford notes that the hearing, where Hollingsworth presumably was going to be dismissed by the state court, was set more than thirty days after Patrick's motion requesting it. Ford argues this created a "procedural catch-22" where, had it waited until after the pro ami settlement hearing, and if this Court ultimately decided that removal was ascertainable from Patrick's settlement notice, then Patrick would have argued that Ford missed its opportunity to remove the action. (*Id.* at 14.) Ford also cites an Arizona district court decision, *see Kasloff v. Kasloff*, No. CV-18-04257-PHX-DLR, 2019 WL 1724138, at *3 (D. Ariz. Apr. 18, 2019), where formal dismissal was not required to create diversity jurisdiction and, after waiting for formal dismissal, a party's removal was found untimely.

Patrick responds with an Alabama district court decision of her own, *see Duckett v. First Acceptance Insurance, Inc.*, No. 2:24-cv-00182-MHH (N.D. Ala. Jan. 21, 2025), where the district court stated that a self-admitted intention to settle with a resident defendant, without a joint stipulation of dismissal or an order from the state court dismissing the resident defendant, was not enough to justify removal on diversity jurisdiction grounds.

While the Court understands Ford's concerns regarding the timeliness of removal, the Court agrees with Patrick that Ford's removal of the case was premature. Section 1446 requires that an action be "removable" for the thirty-day clock to start running, *see* 28 U.S.C. § 1445(b), and to be removable, the case must be one that could have been originally filed in federal court at the time of removal. *See Royal Canin U.S.A.*, 604 U.S. at 27–28.

Here, the case was not removable, even in the face of the state court's likely approval of a settlement with Hollingsworth. Hollingsworth is still a defendant in

4

the case. Granted, his continued presence is subject to a pending motion to approve a pro ami settlement, but pro ami settlement requests do, on occasion, get rejected. For example, the state court judge could deny the motion because of opposition from the GAL to the proposed settlement terms or the presiding judge could for his or her own reasons deny the motion. In other words, approval is not a sure thing, and until there is a judicial approval and an appropriate order of dismissal or judgment entered, then Hollingsworth remains a defendant. After all, if the settlement is rejected, then the lawsuit proceeds against Hollingworth. And here, there has been no approval of a settlement of the claims against Hollingsworth, and there has been no order entered that dismisses the claims against him. As such, Hollingsworth was a defendant at the time of removal and remains a defendant today, and therefore there was and is no complete diversity. The case is therefore due to be remanded.

Accordingly, and for good cause, it is **ORDERED** that:

(1)　Plaintiffs' *Motion to Remand* (doc. 27) is **GRANTED**;

(2)　Plaintiff's request for attorney's fees and costs is **DENIED;**

(3)　Defendant East Alabama Paving Company's *Motion to Dismiss for Failure to State a Claim* (doc. 8) is **DENIED** as moot;

(4)　The *Motion to Withdraw* (doc. 11) filed by attorney James E. Hall is **DENIED** as moot.

(5)　Defendant Ozark Striping Company, LLC's *Amended Motion to Dismiss for Failure to State a Claim* (doc. 35) is **DENIED** as moot;

(6)　The *Motion For Extension of Time* (doc. 43) is **DENIED** as moot;

(7)　This case is **REMANDED** to the Circuit Court of Russell County, Alabama; and,

(8)　The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** on this the 10th day of November 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE